NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD A. KHAN, | No. 20-16781 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-03608-LHK |
| v. | |
| SPECIALIZED LOAN SERVICING LLC; PRESTIGE DEFAULT SERVICES, a California Corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Richard A. Khan appeals pro se from the district court's judgment

dismissing his diversity action alleging California state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6) on the basis of the applicable statute of limitations. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Khan's action as time-barred because Khan filed his action after the applicable statute of limitations had run. *See* Cal. Code Civ. Proc. § 338(d) (claims for fraud in California have a three-year statute of limitations); *Salazar v. Thomas*, 186 Cal. Rptr. 3d 689, 695 n.8 (Ct. App. 2015) (California has a "catch-all" four-year limitations period); *see also Walters v. Boosinger*, 205 Cal. Rptr. 3d 895, 904 (Ct. App. 2016) (four-year statute of limitations applies even when the plaintiff alleges the underlying deed is void).

The district court properly denied Khan's motion for remand. *See Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity[.]"); *see also* Cal. Civ. Code § 2924l(a) & (d) (allowing trustees to declare non-monetary status and granting that status if the declaration is not objected to).

The district court did not abuse its discretion by dismissing Khan's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave

to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**